# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:07-cr-149 & |
| ) | 2:08-cr-184 |
| ) | |
| ANDREW TAGHON, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

In this petition filed under section 2255, Andrew Taghon challenges his conviction for honest services wire fraud on the grounds that he is factually innocent based on *Skilling v. United States*, 561 U.S. 358 (2010). He also claims two other errors relating to his prosecution. The problem for Mr. Taghon is that his petition is untimely by a long shot, and so it must be denied.

### Background

Taghon was a member of the St. Joseph County Police Department, and was charged in three separate prosecutions. In the first case – cause number 2:07cr 149 – Taghon was charged with nine counts including conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1343 and 1349 (Count 1); possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 2); carrying a firearm

during and in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Counts 3 and 5); distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 4 and 6); and wire fraud in violation of 18 U.S.C. § 1343 (Counts 7, 8, and 9).  In general, the case involved Taghon and his co-conspirators abusing their police powers by stealing property and selling the goods on eBay.  The scheme also involved stealing cocaine and selling it as well.

The second case – cause number 2:08cr184 – was a similar scheme.  Taghon abused his police authority by acquiring firearms from traffic stops and arrest warrants, and sold or tried to sell them to someone he knew was a felon.  Taghon was charged in the second case with seven counts, including selling a gun to a known felon in violation of 18 U.S.C. § 922(d)(1) (Counts 4 and 6).

Three days before trial of the first case, Taghon pleaded guilty to Count 1 of the second superseding indictment in cause number 2:07cr149 for conspiracy to commit honest services wire fraud, and to Count 6 of the indictment in cause number 2:08cr184, for knowingly selling a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1). [Plea Agreement, DE 143 at 3.]  In exchange, the government agreed to dismiss the remaining eight counts against Taghon in cause number 2:07cr149, and the remaining six counts in cause number 2:08cr184.  [*Id.* at 5.]  As part of the plea agreement, Taghon and the government agreed upon a sentence of 78 months imprisonment for his pleas of guilty in the first two cases to run concurrent to one another.  [*Id.* at 4.]

In the third case, Taghon was charged with one count of Hobbs Act robbery in

violation of Title 18, United States Code, Section 1951, and one count of carrying a firearm during a crime of violence. The cause number was 2:09cr113. He later pled guilty to the Hobbs Act robbery and was sentenced to a term of 33 months to run consecutive to the 78 month sentence that he had received in the earlier cases. [DE 250 at 5 n.2.] Although Taghon has completed service of his 78 month sentence from the first two cases, he is still serving his 33 month sentence imposed in his third case (the Hobbs Act robbery case).

The plea agreement from the first two cases contained an express waiver of Taghon's right to file a section 2255 motion. Here's what it said:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel related directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[Plea Agreement, DE 143 at 5.]

During the change of plea hearing before Magistrate Judge Andrew Rodovich on January 30, 2009, Taghon was directly questioned about his appeal waiver and twice

indicated that it was knowing and he was satisfied with his counsel. [DE 232 at 16-17, 23.] Judge Rodovich stated, "[b]ased upon the terms of the plea agreement, and your guilty plea, you are waiving your right to appeal your conviction and your sentence unless you can demonstrate that you received ineffective assistance of counsel in waiving your right to appeal. Mr. Taghon, do you have any questions about that?" *Id.* Taghon replied, "[n]o, sir" and said he was satisfied with the services of his attorney. *Id.*

I accepted the plea [DE 157], and, as mentioned, sentenced Taghon to the agreed upon 78 months for Count 1 in cause number 2:07cr149 and 78 months for Count 6 in cause number 2:08cr184, to be served concurrently. [DE 186.] I also ordered supervised release of 3 years to be served concurrently. *Id.* I then dismissed the remaining counts and issued a final judgment on May 26, 2009. [DE 187, 191.] Taghon did not file a direct appeal. As noted above, Taghon has already served his 78 month sentence on the first two charges, but he is still in custody on his third case – the case in which he received a sentence of 33 months consecutive to the 78 month sentences from the first and second cases.

Taghon claims that he is actually innocent of the honest services wire fraud conviction that he pled guilty to. He relies on the 2010 *Skilling* case to support his argument. The problem is that Taghon had 1 year from the *Skilling* decision to file his motion to vacate under section 2255, and he filed it nearly four years too late. Taghon claims that a Department of Justice memorandum issued on October 14, 2014 relating to

4

appeal waivers in plea agreements excuses his dilatory filing. Here's what the memo states in pertinent part:

> When negotiating a plea agreement, the majority of United States Attorney's offices do not seek a waiver of claims of ineffective assistance of counsel. This is true even though the federal courts have uniformly held a defendant may generally waive ineffective assistance claims pertaining to matters other than entry of the plea itself, such as claims related to sentencing. While the Department is confident that a waiver of a claim of ineffective assistance of counsel is both legal and ethical, in order to bring consistency to this practice, and in support of the underlying Sixth Amendment right, we now set forth uniform Department of Justice policies relating to waivers of claims of ineffective assistance of counsel.
>
> Federal prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal. For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

[DE 250, Ex. B.]

The issue presented is whether this DOJ memorandum somehow extended the one year statute of limitations for filing petitions under section 2255. If it does, then I would need to dig into the merits of Taghon's claim. If it doesn't, then Taghon's claims are untimely and there's not much more to say.

## Discussion

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed

5

on a habeas corpus petition pursuant to section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

Only two claims under section 2255 are available in the Seventh Circuit to a person who waived the right to appeal and to bring a collateral attack: (1) the defendant received ineffective counsel regarding the waiver (or the plea agreement as a whole) and its negotiation, *United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014); or (2) the waiver was not knowingly or voluntarily made. *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000).

In assessing Taghon's motion, I am mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Riley v. United States*, No. 2:05-cv-380, 2006 WL 2849721, at *2 (N.D. Ind. Sept. 28, 2006) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 133 (10th Cir. 1999)).

At the outset, it's worth mentioning that even though Taghon is no longer incarcerated in cause number 2:07cr149, this controversy is not moot. He must still serve a period of supervised release which is "a form of custody that may be

abbreviated if he prevails in this action." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).

But even though Taghon's petition is not moot, it doesn't make it timely, and that is the initial hurdle that Taghon must overcome. Section 2255 has a one-year limitation period that begins to run the "latest of" four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted above, Taghon's judgment was issued on May 26, 2009. [DE 191.] *Skilling* was decided on June 24, 2010. This motion was placed into the prison mailbox by Taghon on October 13, 2015, more than four years too late.

Taghon argues this motion is timely under § 2255(f)(2) because the DOJ memo issued on October 14, 2014, was the removal of an impediment that had kept him from filing a section 2255 motion. In other words, Taghon believes he should receive one year after the DOJ memo was issued in which to file his section 2255, because the waiver in his plea agreement procured by the government prevented him from filing

7

earlier.

There is an initial problem with Taghon's argument. DOJ policies, such as the DOJ memo at issue in this case, do not create any enforceable substantive rights. As the Seventh Circuit stated long ago relative to a different DOJ policy, "an internal guideline for the exercise of prosecutorial discretion, does not create a substantive right for the defendant which he may enforce, and is not subject to judicial review." *United States v. Mitchell*, 778 F.2d 1271, 1276-77 (7th Cir. 1985) (citing cases); *see also United States v. Fletcher*, 634 F.3d 395, 406-07 (7th Cir. 2011). So Taghon's attempt to get a foothold in the new DOJ policy slips out from under him from the start.

But let's suppose Taghon could get some traction and rely on the new DOJ policy. There is still a fundamental problem with Taghon's argument. The DOJ memo did not lift an "impediment . . . created by governmental action *in violation of the Constitution or laws of the United States* . . . " 18 U.S.C. § 2255(f)(2) (emphasis added). Appeal waivers were never in violation of the Constitution or laws of the United States as long as they were entered into knowingly and voluntarily. This has been the state of the law for a long time. *See, e.g., United States v. Lacy*, 813 F.3d 654, 656 (7th Cir. 2016); *United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014); *United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009). Indeed, the Federal Rules of Criminal Procedure contemplate their use. *See* Fed. R. Crim. P. 11(b)(1)(N). In other words, appeal waivers are a "permissible and enforceable" clause that is subject to negotiation in the plea bargaining process. *United States v. Roach*, 600 F.

8

App'x 472, 473 (7th Cir. 2015). And they always have been.

The only thing that changed on October 14, 2014 was a DOJ policy to prevent federal prosecutors from negotiating appeal waivers that include waivers of claims based on ineffective assistance of counsel. That is nothing more than a policy judgment of the executive branch of government. It wasn't a change in law or in the Constitution. Therefore, the DOJ memorandum did not remove an unlawful impediment to Taghon filing his section 2255 petition.

This exact argument has been addressed and persuasively rejected by several courts. In *United States v. Kelly*, No. 11-155, 2015 WL 1897595, at *3 (E.D. La. Apr. 27, 2015), the court held "that Defendant's argument fails because the waiver of Defendant's right to bring an ineffective-assistance-of-counsel claim in his plea agreement was not 'in violation of the Constitution or laws of the United States.'" The *Kelly* court went on to reason that the DOJ memo merely embodies a change in policy, not a change in law. *Id.* Another court reached the same conclusion, finding "[t]he Deputy Attorney General's Memorandum embodies a change in Department of Justice policy, not a change in the law that renders prior waivers of collateral attack invalid." *United States v. Eziolisa*, Nos. 3:10-cr-039, 3:11-cv-236, 2015 WL 686416, at *3 (S.D. Ohio Feb. 18, 2015). Similarly, the court in *United States v. Oter-Castillo*, No. 8:11-cr-50-T-23-TGW, 2015 WL 6704101, at *2 (M.D. Fla. Nov. 3, 2015), ruled the petitioner "is not entitled to a new limitation based on the Attorney General's directive because the directive did not remove a governmental impediment that prevented his filing a motion

9

to vacate." And in *Curry v. United States*, No. 3:15-cv-66, 2016 WL 109996, at *1-2 (N.D. W. Va. Jan. 11, 2016), the court rejected the petitioner's contention that the DOJ memo excused the untimeliness of his section 2255 motion.

In sum, Taghon's one year statute of limitations began to run when *Skilling* was decided, not from when the DOJ memo was issued. The DOJ memo did nothing more than change government policy on the scope of the appeal waiver. It did not remove an impediment that was in "violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(f)(2). Consequently, Taghon's section 2255 motion is more than four years tardy.

My consideration of the issue cannot end here. Although untimely, there is an exception to section 2255(f)'s statute of limitations when the petitioner is "actually innocent." The Supreme Court has stated that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

The government concedes that while Taghon was in jail, the nature of honest services fraud changed. In 2010, the Supreme Court decided *Skilling* finding 18 U.S.C. § 1346 was unconstitutionally vague, and that the statute could only punish "core" honest services fraud, namely bribery and kickback schemes. *Skilling*, 561 U.S. at 368. The government admits that "[s]ince Taghon pled guilty to a crime that did not involve a bribe or kickback, he is factually innocent of honest services fraud in light of *Skilling*,

10

which applies retroactively." [DE 250 at 12-13.] But just because Taghon is factually innocent of the honest services fraud count to which he pleaded guilty, does not mean that he is automatically entitled to relief.

A conviction can only be set aside "if he proves that he is innocent both of the [] offense of which he was convicted . . . and of any 'more serious' charge that the government dropped or otherwise forewent in the course of plea negotiations." *Lewis v. Peterson*, 329 F.3d 934, 936 (7th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623-34 (1998)). The reason for this rule was explained well in this lengthy quote from the Seventh Circuit:

> The idea behind this rule is that had the government foreseen [a change in statutory interpretation] it would not have dropped the charge and so the petitioner, who we know wanted to plead guilty, would probably have pleaded guilty to that charge instead, and if it was a more serious charge (or we add, no less serious charge) he would probably have incurred a lawful punishment no less severe than the one imposed on him under the count to which he pleaded guilty, the count that he was later determined to be innocent by virtue of the Court's interpretation [of the statute]. . . to allow the defendant to use it to get off scot free would be to confer a windfall on him, as the government would not have dropped a good count in plea negotiations had it known that the remaining count was invalid, and if the dropped charge was indeed a good count, the defendant would not have escaped punishment had it not been dropped, punishment at least comparable to that imposed on the bad count.

*Lewis*, 329 F.3d at 936. The Court ruled that *Bousley* does not require that the dropped charge was more serious than the charge to which the petitioner pleaded guilty. Rather, *Lewis* specifically found "[i]t is enough that it is as serious." *Id.* at 937.

11

Taghon urges me to disregard *Lewis*, arguing that *Bousley* is clear and controlling, and I should require the dropped charges to be "more serious" instead of merely "as serious" as the charge to which he pleaded. Although this is a distinction that may not ultimately matter in this case, the Seventh Circuit was very clear in *Lewis* and directly analyzed and determined that the dropped count need only be "as serious." *Id.* While there is some disagreement among the circuits on this topic, *see United States v. Johnson*, 260 F.3d 919, 921 (8th Cir. 2001), other courts have followed the Seventh Circuit. For example, the Eastern District of New York found "the reasoning of the Seventh Circuit to be persuasive. There is no cogent basis for distinguishing between 'more serious' charges and 'as serious' charges foregone by the prosecutor . . . ." *Alcock v. Spitzer*, 349 F.Supp.2d 630, 637 (E.D.N.Y. 2004). In *United States v. Caso*, 723 F.3d 215, 221-22 (D.C. Cir. 2013), the court noted that the two counts at issue in *Bousley* carried identical statutory maximums and this "suggests that [the Court] intended the actual innocence requirement to extend to 'equally serious' charges, notwithstanding that its language mentioned only the 'more serious' ones."

I happen to agree with the reasoning in *Lewis*. It's interpretation of *Bousley* is entirely sensible given that the two counts that were at issue in *Bousley* were in fact equally serious to one another. But even if I didn't agree with the reasoning of *Lewis*, it would be neither here nor there. In a hierarchical system of courts, I must bow to the Seventh Circuit's precedent. Consequently, as *Lewis* makes clear, the dropped charges need only be as serious as the charge Taghon seeks to vacate.

12

In looking at whether the dropped charges are as serious as the honest services fraud count, Taghon advocates I follow *Caso* which held the "appropriate measure of 'seriousness' for purposes of this rule must be determined by reference to the United States Sentencing Guidelines." *Caso*, 723 F.3d at 227. But there is a recent Fifth Circuit case that goes the other way. *United States v. Scruggs*, 714 F.3d 258 (5th Cir. 2013). In *Scruggs*, the Fifth Circuit was analyzing how to determine a crime's "seriousness" under the backdrop of an actual innocence claim under *Skilling*. The court chose to assess seriousness "by cumulating the statutory maximums for all of the forgone counts and all of the pleaded counts to determine the petitioner's 'maximum exposure' before and after the plea, not by comparing the highest single maximum sentence on each side." *Id.* (citing *United States v. Arreola-Ramos*, 204 F.3d 1115, 1999 WL 1328071, at *1 (5th Cir. Dec. 14, 1999) (unpublished table opinion)). This was based on the implicit reasoning that a district court has discretion to impose consecutive sentences on multiple counts. *Id.; see also Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) ("[t]he two firearm counts in the original indictment, when viewed in combination, are . . . 'more serious' than the one firearm count in the superseding information."). The court in *Johnson v. Brown*, No. 13-242-GFVT, 2016 WL 4261761, at *2 n. 1 (E.D. Ky. Aug. 12, 2016), also looked at the maximum penalty for all of the dismissed counts, if applied consecutively, as compared to the maximum penalty for the pleaded counts. I agree with these courts that the basis to compare whether the counts are "as serious" should be cumulating the statutory maximums for all of the forgone counts, and comparing that to the pleaded

13

counts.

As outlined above, Taghon was charged with nine counts in cause number 2:07cr149, including three counts of wire fraud and two counts for distributing cocaine. In that case, he pleaded guilty to one count of conspiracy to commit honest services wire fraud. The conspiracy to commit honest services wire fraud count had a 20-year maximum sentence. [18 U.S.C. §§ 1343, 1349; DE 143 at 3.] The three dismissed underlying wire fraud counts (7-9), each carry the same 20-year maximum sentence as the count to which Taghon pleaded guilty. 18 U.S.C. § 1343. Taghon does not argue that he was actually innocent of those counts, nor could he. He stated in his plea agreement that the officers conspired to steal personal property, then sold some of the property on eBay, which was against eBay's regulations. [DE 143 at 6; Change of Plea Hrg., DE 232, at 25-26.] These dropped wire fraud counts are certainly as serious as the honest services fraud count (they all carry 20 years maximum sentence), and if I add up the maximum terms of incarceration, like the court in *Scruggs*, then they are more serious (60 year maximum cumulative sentence for the three wire fraud counts versus 20 year maximum sentence for the one honest services fraud count).

Moreover, the government also dismissed two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), which carry at least a 20-year maximum sentence. 21 U.S.C. § 841(b)(1)(C). Taghon has not alleged, nor could he show, that he is innocent of those counts. I found him accountable for 18 ounces of cocaine that the officers stole and distributed. [DE 235 at 2.] Again, these counts taken together are more serious

than the one honest services fraud count — 40 years maximum sentence for the two drug counts versus 20 years for the honest services fraud count. If all eight of the dropped charges in cause number 2:07cr149 are cumulated by adding together the maximum statutory penalties, they far exceed the seriousness of the one honest services fraud count.

Because Taghon has not demonstrated that he is actually innocent of the other charges, including the wire fraud and cocaine counts dismissed by the government during the course of the plea negotiation, he has not shown that he is "actually innocent." Consequently, he cannot bypass the statute of limitations and this motion remains untimely.

There are two other matters to discuss. First, in his reply memorandum, Taghon requests an evidentiary hearing. [DE 253 at 2.] An evidentiary hearing need not be held for every section 2255 motion. *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). "No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted). Taghon has not offered any objective facts outside the trial record that would warrant an evidentiary hearing. Moreover, I have concluded that the record and history of this case demonstrate that Taghon is not entitled to relief. Therefore, an evidentiary hearing is not warranted. *See Cooper v. United States*, 378 F.3d 638, 641-42

(7th Cir. 2004) (holding district court did not abuse its discretion in denying evidentiary hearing where defendant was not entitled to 2255 relief, and given lack of additional evidence from defendant).

Finally, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Taghon has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

## Conclusion

For the foregoing reasons, Taghon's § 2255 is **DENIED and DISMISSED** with prejudice. The Clerk shall enter final judgment accordingly.

**SO ORDERED**.

ENTERED: September 21, 2016

                                                <u>s/ Philip P. Simon</u>
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT